**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____
| )
TAREON KELSEY, ANGELIQUE | )
HILL, BRIANNA TRIMBLE, | )
STEPHANIE BURNS, *et al.*, | )
individually and as representatives | )
of proposed class, | )
| )
    Plaintiffs, | )
| )
    v. | )    CIVIL ACTION NO.:
| )    1:15-cv-2357-LMM
DEKALB COUNTY, GEORGIA, | )
*et al.*, | )
| )
    Defendants. | )
_____ )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW the parties, through their counsel of record, and, pursuant to

LR 16.2, N.D. Ga., file this Joint Preliminary Report and Discovery Plan.

1.    **Description of Case:**

    (a)    Describe briefly the nature of this action.

**Plaintiffs, and class, seek damages under 42 U.S.C. § 1983 for violations**

**of their Fourth and Fourteenth Amendment rights under the U.S.**

**Constitution arising out of arrests for "Driving on a Suspended License" after**

1

the Dekalb County Recorders Court personnel notified the Georgia Department of Driver Services that Plaintiffs' and class members' driving privileges should be suspended.  The Complaint includes claims for negligence, breach of ministerial duty, false arrest, and deliberate indifference.  Plaintiffs seek special, compensatory, and punitive damages as well as attorneys' fees and expenses under 42 U.S.C. § 1988.  Plaintiffs also seek certification of one class: All adults who have had or will have their driving privileges suspended or not reinstated by the Georgia Department of Driver Services based upon false information provided by the Dekalb County Recorders Court that will necessarily lead to arrest without arguable probable cause or due process for "Driving on a Suspended License."

Defendants deny that any of the actions they took, with regard to the handling of thousands of drivers' citations per month, arise to the level of a violation under 42 U.S.C. § 1983.  Furthermore, as to the individual Defendants Withers and Thompson, Defendants state that they are immune from suit pursuant to the doctrines of judicial immunity, sovereign immunity and respondeat superior.  Defendants also contend that the Plaintiffs and

2

**their claims will not qualify to become a class because the circumstances surrounding the revocation of driving privileges are not similar.**

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative or recite evidence.

**<u>Plaintiffs</u>: Plaintiffs and class were arrested and held in custody for driving under a suspended license by various law enforcement agencies after Defendants illegally and wrongly notified the Georgia Department of Driver Services (DDS) that Plaintiffs' and class members' driving privileges should be suspended and DDS subsequently suspended Plaintiffs' and class members' driver's licenses.  The Dekalb County Recorders Court personnel notified DDS to suspend Plaintiffs' and class members' driving privileges because they were illegally and improperly listed as a "failure to appear" at a scheduled court hearing in Dekalb County Recorders Court, or a "failure to pay" a fine or fee to Dekalb County Recorders Court.  Plaintiffs and class members listed as a "failure to appear" appeared at Dekalb County Recorders Court hearings to resolve their Uniform Traffic Citations before their driver's licenses were suspended by DDS.  Plaintiffs and class members listed as a**

**"failure to pay" a fine or fee paid their fines and/or fees in full in advance of the suspension of their driving privileges by DDS.**

**Defendants:  Defendants comprise the Chief Judge of the DeKalb Recorders Court, the Court Administrator and various current and former employees of the Recorders Court who routinely handled thousands of driving citations per month.  During the relevant periods listed in the Complaint(s), Defendants adjudicated citations and communicated driver information to the Department of Drivers Services.  Because of a variety of reasons (sometimes due to driver error or inactivity), there were times when inaccurate or incomplete driver information was communicated to Department of Drivers Services thereby resulting in adverse conditions being placed on driving privileges.**

(c)     The legal issues to be tried are as follows:

Plaintiffs:

- **Whether Defendants developed and maintained illegal customs or policies that violated the due process and liberty interests of the Plaintiffs and class.**

4

- **Whether the individual Defendants breached their ministerial duties to the individually named Plaintiffs and other class members who have not been identified at this time as set forth in Plaintiffs' Second Amended Complaint.**

- **Whether Plaintiffs' arrests violated the Fourth Amendment.**

- **Whether Plaintiffs were falsely arrested in violation of Georgia law.**

- **The nature and extent of any damages suffered by Plaintiff as a result of Defendants' alleged conduct.**

- **Whether Plaintiff are entitled to reasonable attorneys' fees and expenses.**

Defendants:

- **Whether Defendants Withers and Thompson are immune from suit under the doctrines of judicial immunity and sovereign immunity?**

- **Whether Defendants DeKalb County is immune from suit under the doctrine of sovereign immunity?**

- **Whether Defendants are immune from suit under the doctrines of qualified immunity and respondeat superior?**

5

- **Whether Plaintiffs' own conduct resulted in the suspension of their driving privileges?**

- **Whether Plaintiffs took all actions necessary to protect and/or maintain their driving privileges?**

Defendants:

(d)     The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  ***Brickhouse et al., v. Dekalb County, et al.*, Case 1:15-cv-02516-LMM (N.D. Ga., filed July 15, 2015)**

(2) Previously Adjudicated Related Cases:  **None.**

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

  **X**  (1)     Unusually large number of parties (larger number of Plaintiffs)
_____ (2)     Unusually large number of claims or defenses
_____ (3)     Factual issues are exceptionally complex
_____ (4)     Greater than normal volume of evidence
  **X**  (5)     Extended discovery period is needed
  **X**  (6)     Problems locating or preserving evidence
_____ (7)     Pending parallel investigations or action by government
_____ (8)     Multiple use of experts
_____ (9)     Need for discovery outside United States boundaries
_____ (10)   Existence of highly technical issues and proof
  **X**  (11)   Unusually complex discovery of electronically stored information

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

> **William J. Atkins**
> **Georgia Bar No. 027060**
>
> **Gerald Weber**
> **Georgia Bar No. 744878**
>
> **Crystal Redd**
> **Georgia Bar No. 969002**

**Defendant:**

> **James E. Dearing, Jr.**
> **Georgia Bar No. 215090**

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Plaintiff:

( )     Yes          (**X** ) No

Defendants

( )     Yes          (**X** ) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claims on which the objection is based.  Each objection should be

supported by authority.

**5.     Parties To This Action:**

(a)     The following persons are necessary parties who have not been joined: **None at this time**.

(b)     The following parties are improperly joined as parties: **None at this time**.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None at this time**.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:  **None at this time.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY

(30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.

9

Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26**.**  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties do not object to this requirement**.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, state the issues which could be addressed and the position of the party.

**Plaintiffs request a scheduling conference to address matters related to service of process and class-based discovery.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties anticipate discovery on the claims and defenses of the parties however, the parties reserve the right to move the Court for an extension of the discovery period and believe one may prove necessary given the class-based claims involved.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request a discovery period of up to 8 months.**

**11.    Discovery Limitation:**

(a)    What changes should be made in the limitations on discovery imposed

11

under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

**None**.

(b)   Is any party seeking discovery of electronically stored information?

___X___ Yes                          _____ No

If "yes,"

(1)  The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree that upon request they will produce ESI, if any, in an appropriate fashion, the specifics of which are still under discussion between the parties, but which will be agreed upon prior to the commencement of discovery in this case.  With any production, the parties shall preserve produced ESI in its native format, including available metadata.**

**Production of ESI shall be provided on an electronic storage media (such as CD, DVD, portable hard drive, USB flash drive or other portable storage device) or via secure FTP site and, unless otherwise agreed to, in .pdf format.**

**If advanced search methodologies become necessary, the parties agree to disclose any search filters or culling methods used to identify potentially relevant ESI for production.  The parties agree to confer in good faith regarding any issues related to the method of culling voluminous materials.  If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible.  If the parties cannot reach agreement on issues related to the scope and manner of production of ESI, they shall jointly seek guidance from the Court.**

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:  **Please see response to Paragraph 11(b)(1) above.**

In the absence of an agreement regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c): **None at this time**.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 6, 2015, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:** Lead Counsel (signature):    */s/ Gerald Weber*

**For Defendant**: Lead Counsel (signature):    */s/ James E. Dearing, Jr.*

(b)    All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:

( )    A possibility of settlement before discovery.
( )    A possibility of settlement after discovery.
( )    A possibility of settlement, but a conference with the judge is needed.
(**X** )    No possibility of settlement.

(c)    Counsel ( ) do or (**X** ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)    The following specific problems have created a hindrance to settlement of this case:  **None at this time.**

14

14.    Trial By Magistrate Judge:

Note: Trial before a magistrate judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (    ) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United Stated Magistrate Judge form has been submitted to the clerk of the Court this ____ day of _____, 20__.

(b)    Plaintiffs (**X**) do not consent to having this case tried before a magistrate judge of this Court.

(c)    Defendants do not object to having this case tried before a magistrate judge of this Court.

Submitted this 6th day of July, 2015.

                              **/s/ _James E. Dearing, Jr._**
                              James E. Dearing, Jr.
                              Georgia Bar No. 215090
                              James E. Dearing, Jr., P.C.
                              730 Peachtree Street
                              Suite 460
                              Atlanta, GA 30303
                              Telephone: (404) 870-0010
                              Facsimile: (404) 870-0008
                              jdearing@jed-law.com

15

*Attorney for Defendants*

**/s/ William J. Atkins**
William J. Atkins
Georgia Bar No. 027060
Edmond, Lindsay & Hoffler, LLP
6400 Powers Ferry Road, Suite 355
Atlanta, GA 30339
Telephone: (404) 969-4130
Facsimile: (404) 9696-4140
batkins@edmondfirm.com
www.edmondfirm.com

**/s/Gerald Weber**
Gerald Weber
Georgia Bar No. 744878
Crystal Redd
Georgia Bar No. 969002
Southern Center for Human Rights
83 Poplar Street, N.W.
Atlanta, GA 30303
Telephone: (404) 688-1202
Facsimile: (404) 688-9440
gweber@schr.org
credd@schr.org

*Counsel for the Plaintiffs*

16

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2015.


_____
LEIGH MARTIN MAY
JUDGE, UNITED STATES DISTRICT COURT

17